IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONTEZ REGINALD MORRIS,

        Petitioner,                      ORDER

    v.                                                08-cv-583-slc

TOM DALBEC and
A. SWANSON,

        Respondents.

---

DONTEZ REGINALD MORRIS,

        Petitioner,                      ORDER

    v.                                                08-cv-589-slc

TOM DALBEC and
A. SWANSON,

        Respondents.

---

Petitioner has responded to the October 10, 2008 order in the above cases directing him to submit a copy of his trust fund account statement for the period beginning approximately March 14, 2008 and ending approximately September 22, 2008. In his response, petitioner says that he "do[es]n't have the whole six-month account statement" because he has "only been incarcerated since April 15, [20]08." He says also that he has been incarcerated in "different institutions" throughout the six-month period. I construe petitioner's letter as a motion to waive the requirement that he submit a six-month trust fund account statement. The motion will be denied.

With regard to petitioner's statement that his incarceration did not begin until April 15, 2008, I will consider the information he provided in the "Petition and Affidavit to Proceed Without Prepayment of and/or Costs" he submitted with his complaints for the time period beginning on March 14, 2008 and ending on April 15, 2008. He will not be required to submit any further documentation for this one-month period.

For the remaining five-month period, petitioner *will* be required to submit copies of his trust fund account statements from each institution in which he was incarcerated as required by 28 U.S.C. § 1915(a)(2). Specifically, § 1915(a)(2) states that the prisoner must obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. Petitioner does not specify at which prisons he has been confined since April 15, 2008. However, if petitioner wants to continue with these lawsuits, he will have to write to these institutions to request certified copies of his trust fund account statement for the appropriate period and submit them to the court by November 20, 2008.

Finally, I note that petitioner has asked in his letter to be allowed to pay the same initial partial payment that another litigant in this court has been ordered to pay. For petitioner's information, in 28 U.S.C. § 1915, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and appeals, and I have no discretion to modify this method. Once petitioner submits the required trust fund account statements, I will calculate two amounts, 20% of his average monthly income and 20% of his average monthly balance. Whichever amount is greater is the amount petitioner will have to prepay toward the $350 filing fee.

ORDER

IT IS ORDERED that petitioner's letter construed as a motion to waive the requirement that he submit a six-month trust fund account statement (dkt. ##4, 5) is DENIED.

Further, IT IS ORDERED that petitioner may have until November 20, 2008, in which to submit a trust fund account statement from the institution(s) where he was previously incarcerated for the period beginning approximately April 15, 2008 and ending approximately September 22, 2008. If, by November 20, 2008, petitioner fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 24th day of October, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge