IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTEZ REGINALD MORRIS,

                          Petitioner,

            v.

TOM DALBEC and
A. SWANSON,

                        Respondents.

OPINION and ORDER

08-cv-583-slc [1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary and declaratory relief brought pursuant to 42 U.S.C. § 1983, petitioner Dontez Reginald Morris alleges that respondents violated his constitutional rights of access to the courts and equal protection under the law.  Petitioner has requested leave to proceed in forma pauperis and has made the initial partial payment required of him.  In addition, petitioner has filed a motion to consolidate this case with another case he filed, Morris v. Dalbec, Case No. 08-cv-589, which involves other alleged constitutional violations caused by the same respondents.  Petitioner's complaint will be

---

[1]This case was assigned automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

dismissed and petitioner will be given an opportunity to amend it because it fails to comply with Fed. R. Civ. P. 8.  As a result, petitioner's motion to consolidate his cases will be denied as moot.

Petitioner is an inmate confined at the Douglas County jail.  Because he is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Unfortunately for petitioner, I cannot consider the merits of his complaint at this time because his pleading violates Rule 8 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Petitioner's complaint is very short.  Here it is in its entirety:

> I am being denied access to the court and equal treatment.  (1) I [am] being denied access to a law library. (2) I am being denied access to the U.S. Supreme Court Reporter.  (3) I am being denied access to the Federal Reporter. (4) I am being denied [access] to the Federal Practice Digest. (5) I am being denied access to the Corpus Juris Secundum.  (6) I am being denied access to the Wisconsin Northwest Reporter.  (7) I am being denied access to a typewriter and pen in violation of [cited laws].  (8) It is the written policy of the defendant to deny the plaintiff access to a law library.

2

However, the complaint fails to give notice to the two respondents of what they are alleged to have done to violate petitioner's constitutional rights.

Petitioner fails to identify *who* was involved in the alleged incident or responsible for the alleged wrongdoing. Moreover, although he identifies certain legal materials that he was denied, he fails to identify *how* denial of those materials injured him. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002) (At a minimum, complaint alleging a denial of access to the courts must describe an underlying cause of action and how it has been lost or impeded.) Rule 8 requires petitioner to provide such information. Petitioner must identify who is involved in or responsible for each denial of his legal materials, how they are involved or responsible, and how that denial impeded his prosecution of an underlying cause of action. Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems. When he drafts his amended complaint, the court and the respondents should be able to answer the following questions:

- What happened to make petitioner believe that a particular constitutional right was violated?

- Who is responsible for the violation? What did each respondent do?

- What does petitioner want the court to do about the matter?

My conclusion that petitioner's complaint must be dismissed means that at this time petitioner cannot consolidate this case with his other case, and that motion will be denied

as moot.  If petitioner files a proposed amended complaint that complies with Rule 8, I will proceed to screen his complaint to determine whether he states a claim upon which relief may be granted.  Only after both of his complaints have been screened will I consider whether the cases may be consolidated.

ORDER

IT IS ORDERED that

1.  Petitioner Dontez Reginald Morris's request for leave to proceed in forma pauperis in this action is DENIED because his complaint is in violation of Fed. R. Civ. P. 8.

2.  Petitioner may have until December 17, 2008, in which to submit a proposed amended complaint that conforms to the requirements of these rules.  If, by December 17, 2008, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3.  If, by December 17, 2008, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

4.  Petitioner's motion to consolidate Case Nos. 08-cv-583 and 08-cv-589 is DENIED

4

as moot.

     Entered this 3rd day of December, 2008.

                          BY THE COURT:

                          /s/

                          _____

                          BARBARA B. CRABB
                          District Judge