IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTEZ REGINALD MORRIS,

                                              ORDER

              Petitioner,

                                              08-cv-583-slc [1]

    v.

TOM DALBEC and
A. SWANSON,

             Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary and declaratory relief brought pursuant to 42 U.S.C. § 1983, petitioner Dontez Reginald Morris alleges that respondents violated his constitutional right of access to the courts by failing to maintain an adequate law library at the Douglas County jail. (Although petitioner also asserted an equal protection claim in his original complaint, he does not assert that claim in his proposed amended complaint.) In an order entered December 3, 2008, I dismissed petitioner Dontez Reginald Morris's original complaint because it violated Fed. R. Civ. P. 8. However, I gave petitioner an opportunity to file an amended complaint to fix the Rule 8 problems. Among the problems

---

[1] As I explained in a previous order in this case, dkt. #11, this case was assigned automatically to Magistrate Judge Stephen Crocker. However, because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I have assumed jurisdiction over the case temporarily.

with petitioner's original complaint was petitioner's failure to identify how respondents' alleged denial of access to legal materials injured him. As I explained earlier, a complaint alleging denial of access to the courts must describe how the denial has impeded or lost an underlying cause of action, because without such a loss or impediment to an underlying action a petitioner has no standing to bring such a claim. Lewis v. Casey, 518 U.S. 343 (1996); Christopher v. Harbury, 536 U.S. 403, 414-415 (2002).

Now petitioner has filed an amended complaint in which he explains that the jail's deficient law library affects him because he is "still fighting [his] case on an appeal," his public defender is "overworked and underpaid" and his inability to do his own research in the jail "might hurt [him] in the long run on [his] appeal." In light of this statement, petitioner's claim must be dismissed for lack of standing. The fact that a deficient law library "might hurt [petitioner] in the long run" is too speculative an "injury" to be justiciable.

Petitioner should be aware that even if he had standing, he would not likely prevail on his claim for denial of access to the courts for the simple reason that he was *not* denied legal assistance: he has a lawyer. As the Supreme Court explained in Johnson v. Avery, 393 U.S. 483, 489 (1969), the government may provide alternative forms of access to the courts, such as by offering a "regular system of assistance by public defenders." When it does, failure to supplement that system with additional resources such as law libraries or jailhouse lawyers does not violate an inmate's right to access to the courts. Id.

ORDER

IT IS ORDERED that

1. Petitioner Dontez Reginald Morris's request for leave to proceed in forma pauperis in this action is DENIED and this case is DISMISSED for petitioner's lack of standing on his claims that defendants denied him access to the courts;

2. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Fox Lake Correctional Institution[2] of his obligation to deduct payments until the filing fee has been paid in full;

3. A strike will be recorded against petitioner pursuant to § 1915(g); and

4. The clerk of court is directed to close the file.

Entered this 24th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

---

[2] On December 22, 2008, petitioner filed a notice of change of address indicating that he has moved from the Douglas County jail to the Fox Lake Correctional Institution. Dkt. #13.

3